## Chicago Bonding and Insurance Company v. Pulliam.

(Decided March 23, 1920.)

### Appeal from Nelson Circuit Court.

1. Insurance—Double Indemnity—Beneficiaries.—A combination accident insurance policy which insures both the assured and beneficiary against injury or death through certain named accidents, and contains a double indemnities clause, which reads: "If the assured shall sustain such injuries . . . then, and in such event only, the company will pay double the amount otherwise payable under the preceding sections," confines the double indemnities to the assured, and the beneficiary who is also insured in the same policy cannot recover double indemnities though killed in such accident as would have entitled the assured to the benefits of such clause had he met death in like manner.

2. Insurance—Double Indemnity—Beneficiaries.—Where the policy designates the person who takes it out as the assured, and the person to whom the indemnities are payable in case of the death of the assured, beneficiary, and then limits the double indemnities to the assured, the beneficiary is entitled only to the sum provided in that part of the policy which insured her against death by accident.

WILLIAM FURLONG for appellant.

E. N. FULTON, NAT W. HALSTEAD, O. W. STANLEY and FRANK E. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Arch H. Pulliam, was adjudged entitled to recover $10,000.00 on a combination policy of accident insurance issued by the Prudential Casualty Company, of Indianapolis, to him, as assured, and his wife, Alice M. Pulliam, beneficiary, on the allegation and proof of

the accidental death of the wife while riding as a passenger within a railroad passenger conveyance using steam. Before the commencement of this action appellant, Chicago Bonding and Insurance Company, took over and become liable on all policies issued by the Prudential Casualty Company, including the one here sued on. Mrs. Pulliam was killed along with several other persons in a railway train collision at Shepherdsville, Kentucky, December 20, 1917. The policy of insurance, under its combination clause, insured the beneficiary "against loss resulting within ninety days from date of the accident, directly, independently and exclusively of all other causes, from bodily injuries effected solely through accidental means, as follows: If such injuries are sustained by said beneficiary while riding as a passenger in a railway passenger conveyance, using steam, etc." The policy reads in part as follows:

"In consideration of the premium and the agreements and statements in the application, a copy of which is endorsed hereon and made part hereof, which statements the assured makes by the acceptance of this policy, and warrants to be true, and which are made a material part hereof, and subject to the definitions and general agreements, as conditions hereinafter contained

### Does Hereby Insure

### Arch H. Pulliam

(Hereinafter called the assured)

against loss or disability resulting directly, independently and exclusively of all other causes from bodily injuries, effected solely through accidental means—suicide while sane or insane is not covered—in the amounts hereinafter specified.

"The principal sum of this policy is five thousand dollars."

Following this is section A and is headed:
"Section A.

### "Fixed Indemnities.

"Death. Dismemberment or Loss of Sight."

Under this heading provision is made for payment of the principal sum, $5,000.00, or a certain part thereof, to the assured Arch H. Pulliam on condition he receive an accidental injury within the terms and conditions of the contract.

Section B of the policy is headed "Accumulations," and provides that in the event the premiums are paid annually in advance, ten per cent each year shall be added to the principal sum, until said sum becomes $7,500.00.

There is a section "C," which provides for "Weekly Indemnities." Following this is section "D," providing for "Double Indemnities," and it reads as follows:

"DOUBLE INDEMNITIES.

"If the assured shall sustain such injuries; (1) while a passenger in or on a public conveyance (including platform steps or running board thereof), provided by common carrier for passenger service; (2) or, while a passenger in an elevator used for passenger service only (excluding elevators in mines); (3) or, in consequence of the burning of a building while the assured is therein; (4) or, by the explosion of a stationary, locomotive, marine, or portable boiler; (5) or, in consequence of a stroke of lightning; (6) or, in direct consequence of a cyclone or tornado—then, and in such event only, the company will pay double the amount otherwise payable under the preceding sections."

It is quite apparent from the reading of the contract that the estate of Arch H. Pulliam, the assured, would have been entitled to the recovery of $10,000.00 under section D, "Double Indemnities," had he met death by accident in the manner which the beneficiary, his wife, came to her death, and the appellee now contends that the "Double Indemnities" clause of the policy applies both to the assured and the beneficiary, or in other words, that Arch H. Pulliam is the assured when the contract is considered as one insuring against accident to him, and the beneficiary when the same contract is considered as assuring his wife, Mrs. Alice M. Pulliam, against death by accident, and as the accident happened to the wife who otherwise would have been beneficiary, and the company became liable on the policy to Arch H. Pulliam, he, therefore, became the beneficiary and not the assured, and his wife, the deceased, became the assured within the meaning of the policy, and this is the construction placed upon the contract by the trial court in rendering a judgment in favor of Arch H. Pulliam for ten thousand ($10,000.00) dollars on the policy for the accidental death of the wife.

Appellant company insists that the principal sum to the beneficiary in the policy is $5,000.00, and that the beneficiary is not entitled to the benefit of the "Double Indemnities" clause, but only to the initial principal sum.

Section "I" entitled "Insurance of Beneficiary," in so far as it affects this litigation, reads as follows:

"Section I.

"INSURANCE OF BENEFICIARY.

"In case the policy is made payable to a sole beneficiary who is specifically named in the application and who is over eighteen and under sixty years of age, and who, at the beginning of the term of this insurance or any renewal thereof, has no mental or physical defect or infirmity and has no other insurance in this company, this contract, subject to all its agreements, conditions, definitions and limitations, shall also insure such person against loss resulting, within ninety days from the date of the accident, directly, independently and exclusively of all other causes, from bodily injuries effected solely through accidental means as follows: If such injuries are sustained by said beneficiary while riding as a passenger within a railway passenger conveyance using steam, cable, compressed air or electricity as a motive power; or while a passenger within a passenger elevator provided for passenger service only (excluding elevators in mines); or while riding as a passenger upon a steam vessel duly licensed for the regular transportation of passengers; or in consequence of the burning of a building while therein; and shall result in any loss specified in this section, the company will pay for such loss a fixed indemnity as follows:

"For loss of life (suicide while sane or insane is not covered) _____ The initial, principal sum covered.

For, etc._____ . . .

"The indemnities provided in this section shall not be affected by the provisions of section A or section B."

All this appears upon the second page of the policy, while the "Double Indemnities" clause is on page 1. So also is section A and section B on page 1. These last named sections of the policy do not relate to the double indemnities clause, but section "A" provides in what event the assured, Arch H. Pulliam, or his estate, shall

become entitled to benefits in case of his death or injury by accident, while section "B" only relates to "Accumulations" which increase the amount of the policy. Excepting these two sections from the effect of section "I," which insures the beneficiary, the "Double Indemnities" clause yet remains, and from this appellee, Arch H. Pulliam, argues that as only two sections are excepted from the operation of the policy in case the beneficiary receive the injury instead of the assured, all the other sections of the policy are in full force and effect, and, therefore, section "D" which provides "Double Indemnities" is a part of the contract of insurance issued on the life of the beneficiary when she is the person injured or killed by the accident.

A careful reading of the contract discloses that the "Double Indemnities" section of the policy applies only to the assured, Arch H. Pulliam, and not to the beneficiary in case the accident happens to her. There can be no mistake about who is the assured because that is specifically set out in black faced type near the top of the first page of the policy. Section "D," which is the only one providing double indemnities, reads: "If the *assured* shall sustain such injuries . . . then, and in such event *only,* the company will pay double the amount otherwise payable under the preceding sections." According to the terms of this section, only the assured, Arch H. Pulliam, is entitled to double indemnities in case of an accidental injury or accidental death, "then, and in such event only the company will pay double the amount otherwise payable."

If the appellee is right in his contention that the beneficiary, Mrs. Alice M. Pulliam, became and was the assured within the meaning of the policy, in every instance where she was insured against accidental injury or death, then, of course, section "D," carrying "Double Indemnities" would apply to her, but the contract does not so read. It says: "This contract subject to all its agreements, conditions, definitions and limitations, shall also insure such persons (beneficiary) against loss . . . (accidental injury or death) the company will pay for such loss a fixed indemnity as follows:

"For loss of life (suicide while sane or insane not covered) ................................. The initial principal sum."

The policy specifically provides double indemnities in case of accidental injury or death of the assured, Arch

H. Pulliam only, but it nowhere provides for double indemnities for the beneficiary in case of her accidental injury or death.  If section ''D'' had not in terms confined double indemnities to the assured, and provided that only in the event of his injury the company would pay double the amount otherwise payable under the policy, appellee's contention that the policy is susceptible of two constructions, one of which would give appellee only $5,000.00, while the other would give him $10,000.00, which, under a well known rule of construction, would give the insured the larger sum, would be well taken and easily sustained.  There is no room for a dual construction of ''section D,'' and therefore the rule just referred to, governing the construction of policies of insurance, can have no application to the facts of this case.  If this section had read ''If the injuries are sustained: (1) while a passenger in a public conveyance, etc.,'' the policy would then have been susceptible of two constructions, and the insured and beneficiary would both be entitled to the benefit of the doubt, and, therefore, to the benefit of the double indemnities clause, but the insertion of the word ''assured'' in said section, which ·in this policy means Arch H. Pulliam, according to its terms, deprived the beneficiary, Mrs. Alice M. Pulliam, of the benefits of this section.

For the reasons indicated, the judgment is reversed with directions to enter a judgment for $5,000.00 with interest and cost below.

Whole court sitting.